UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LOURDES GARZA,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 1:21-cv-00419-ADA-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY<br><br>(ECF Nos. 14, 17, 19) |

Plaintiff Maria Lourdes Garza initiated this action seeking judicial review of a final decision of the Commissioner of Social Security. (ECF No. 1.) This matter was referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(15).

On June 15, 2023, the assigned Magistrate Judge issued findings and recommendations, recommending that Plaintiff's motion for summary judgment be denied, Defendant's cross-motion for summary judgment be granted, and the Commissioner's decision be affirmed. (ECF No. 19.) The findings and recommendations contained notice that any objections were due within fourteen days. (*Id.* at 11–12.) On June 29, 2023, Plaintiff timely filed objections to the findings and recommendations that largely reiterate the arguments made in her opening brief. (ECF No. 20.) On July 5, 2023, Defendant replied to Plaintiff's objections. (ECF No. 21.)

In her objections, Plaintiff first contends that the Magistrate Judge failed to address her

argument that the ALJ erred in assessing Plaintiff's Residual Functional Capacity ("RFC") because the ALJ failed to set forth substantial evidence to support it and the ALJ "failed to explain how he arrived at the assessed RFC." (ECF No. 20 at 2–3.) That said, the Court notes that even in the objections, Plaintiff predicates her RFC argument on the ALJ's "discounting" of the medical evidence because "'evidence at the hearing' showed [a] worsening of Plaintiff's conditions . . . . However, the ALJ then arbitrarily guessed at the RFC based upon a lay interpretation of the additional evidence that was not reviewed by the DDS doctors." (*Id*. at 2.)

The RFC is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427, F.3d 1211, 1217 (9th Cir. 2005). Moreover, and particularly notable in this case, an ALJ's RFC findings need only be consistent with the relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010). Here, as noted by the Magistrate Judge, despite any error by the ALJ in "rejecting" or "discounting" some part of the medical opinion evidence, any error is harmless because it is non-prejudicial to Plaintiff and does not change the ALJ's ultimate nondisability determination. *See Stout v. Comm'r of Soc. Sec. Admin*., 454 F.3d 1050, 1055–56 (9th Cir. 2006) (reviewing court cannot consider an error harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination"); *see also Lamas v. Saul*, 2020 WL 6561306, at *10 (E.D. Cal. Nov. 9, 2020) ("The Court finds that the ALJ's error in this case was harmless. The limitations that the ALJ included in the RFC pertaining to Plaintiff's [] impairments were more restrictive than those to which the medical opinions of record opined, yet the ALJ nonetheless found that there would be work available with those more stringent limitations."). Thus, the Magistrate Judge found the assessed RFC was supported by substantial evidence, including medical opinion evidence, in the overall record and there was no inadequacy in the record that would trigger the ALJ's duty to develop. *See Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001).

Second, aside from the general argument that "[a]dditional fact-finding is needed," Plaintiff reiterates the same general argument in her opening brief that the step five conclusion is not supported by substantial evidence without specifically identifying error in the Magistrate Judge's

finding. (*See* ECF No. 20.) Relying in Ninth Circuit case law, the Magistrate Judge found that it is unnecessary to consider whether the jobs of "addresser" and "document preparer" are obsolete in today's national economy because even without those jobs, the ALJ's finding at step five that work existed in significant numbers in the national economy was supported by substantial evidence in the form of vocational expert testimony that Plaintiff could perform the requirements of assembler, with 25,000 jobs in the national economy. (ECF No. 19 at 10.) Moreover, it is well-settled in the Ninth Circuit that 25,000 national jobs constitute a significant number within the national economy. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). Thus, the Magistrate Judge found that the ALJ properly relied on the vocational expert's testimony, and there was no error at step five. (*See* ECF No. 19 at 11.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on June 29, 2023, (ECF No. 19), are ADOPTED in FULL;
2. Plaintiff's Motion for Summary Judgment, (ECF No. 14), is DENIED;
3. Defendant's Motion for Summary Judgment, (ECF No. 17), is GRANTED;
4. The decision of the Commissioner of Social Security is AFFIRMED; and,
5. The Clerk of the Court shall enter judgment for Defendant, terminate any deadlines, and close this case.

IT IS SO ORDERED.

Dated:   October 18, 2023

UNITED STATES DISTRICT JUDGE